UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

==============================x

UNITED STATES OF AMERICA

-against-

ANGELO RUGGIERO, et al.

==============================x

DATE: 4/6/88

INDEX TO RECORD ON APPEAL

DISTRICT COURT DOCKET # 83 CR 412(s) Jmm

RELATED CASE # (If Any) Misc. 88-34

JUDGE McLaughlin

C/A DOCKET # 88-1083

*Supplemental*
INDEX PREPARED BY:          John Gleeson AUSA

FIRM ADDRESS:          225 Cadman Plaza East

Brooklyn   New York 11201

PHONE NUMBER :          718  330-7038

DOCKET ENTRIES A -

| DOCUMENT # | LIST OF DOCUMENTS |
|---|---|
| 48 | Transcript of Proceedings 1/21/88 (En Banc) Misc 88-34 |
| 49 | Transcript of Proceedings 1/22/88   Misc 88-34 |
| 50 | Transcript of Proceedings 1/13/88 |
| 51 | Order Dated 1/22/88 (En Banc) Misc. 88-34 |
| 52 | Order Dated 3/21/88 (Jmm) re: Record on Appeal |
| (S)53 | Sealed Documents |
| (S)54 | Sealed Documents |
| (S)55 | Sealed Documents |
| (S)56 | Sealed Documents |
| (S)57 | Sealed Documents |

CLERK'S CERTIFICATE ................................................

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

225 CADMAN PLAZA EAST

BROOKLYN, NEW YORK 11201

**ROBERT C. HEINEMANN**
CLERK

**JAMES GIOKAS**
CHIEF DEPUTY

PLEASE NOTE:

THE DOCUMENTS FILED IN MISC. 88-34
HAVE BEEN SENT AS A SUPPLEMENTAL
RECORD TO C of A #88-1083.

THE DOCKET SHEET FOR MISC. 88-34
HAS BEEN SENT FOR YOUR INFORMATION

M. Glenn,
Deputy Clerk

PLEASE NOTE THAT SEALED DOCUMENTS
ARE INCLUDED.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
===============================x

UNITED STATES OF AMERICA

-against-

ANGELO RUGGIERO, et al.

===============================x

INDEX TO RECORD ON APPEAL

DISTRICT COURT DOCKET # 83CR4/2(5)JMM

RELATED CASE # (If Any) MISC. 88-34

JUDGE McLaughlin

C/A DOCKET # 88-1083

*Supplemental*

INDEX PREPARED BY: John Gleeson AUSA

FIRM ADDRESS: 225 Cadman Plaza East
Brooklyn New York 11201

PHONE NUMBER: 718 330-7038

DOCKET ENTRIES A -

| DOCUMENT # | LIST OF DOCUMENTS |
|---|---|
| 48 | Transcript of Proceedings 1/31/88 (En Banc) Misc 88-34. |
| 49 | Transcript of Proceedings 1/22/88    Misc 88-34 |
| 50 | Transcript of Proceedings 1/13/88 |
| 51 | Order Dated 1/22/88 (En Banc) Misc. 88-34 |
| 52 | Order Dated 3/31/88 (Jmm) re: Record on Appeal |
| (S) 53 | Sealed Documents |
| (S) 54 | Sealed Documents |
| (S) 55 | Sealed Documents |
| (S) 56 | Sealed Documents |
| (S) 57 | Sealed Documents |

CLERK'S CERTIFICATE ..............................................



FILED
10483

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,          :     CR-83-412(S)

                                         MISC. 88-34
                                         (In Re Grand Jury)

          v.                       :     United States Courthouse
                                         Brooklyn, New York

ANGELO RUGGIERO,
GENE GOTTI,
JOHN CARNEGLIA,
ANTHONY MOSCATIELLO,
EDWARD LINO,
MARK REITER,
JOSEPH LO PRESTI,                        JAN 22 1988
ANTHONY GURINO,
CESAR GURINO,
OSCAR ANSOURIAN,                         RECEIVED IN JUDGE
                                         COSTANTINO'S CHAMBERS

          Defendants.

                                         January 21, 1988
                                   :     1:00 o'clock p.m.

- - - - - - - - - - - - - - - X

              TRANSCRIPT OF TRIAL/MOTION
     BEFORE THE HONORABLE CHIEF JUDGE JACK B. WEINSTEIN
                    MARK A. COSTANTINO
                    I. LEO GLASSER
                    EUGENE H. NICKERSON
                    JOSEPH M. McLAUGHLIN
                    CHARLES P. SIFTON
                    JOHN R. BARTELS
                    THOMAS C. PLATT
                    LEONARD D. WEXLER

              UNITED STATES DISTRICT JUDGES

APPEARANCES:

For the Government:                ANDREW J. MALONEY

          SS         CSR         CM

10484

1             United States Attorney

2             LAWRENCE A. URGENSON
              Chief Assistant US Attorney

3

4             JOHN GLEESON
              Assistant US Attorney

5             ROBERT LA RUSSO
              Assistant US Attorney

6

7             JACK SHANNON,
              Special AUSA

8             225 Cadman Plaza East
              Brooklyn, New York 11201

9    For the Defendant Ruggiero:        JEFFREY HOFFMAN, ESQ.
10   For the Defendant Gotti:        RONALD FISCHETTI, ESQ.
     For the Defendant Carneglia:        ANTHONY LOMBARDINO, ESQ.
11   For the Defendant Moscatiello:   EDWIN SCHULMAN, ESQ.
     For the Defendant Lino:            ROBERT KATZBERG, ESQ.
12   For the Defendant Reiter:      BENJAMIN BRAFFMAN, ESQ.
     For the Defendant Lo Presti:        DAVID DE PETRIS, ESQ.
13   For the Defendant A. Gurino:     DAVID LEWIS, ESQ.
     For the Defendant C. Gurino:       ROBERT FOGELNEST, ESQ.
14   For the Defendant Ansourian:   MARTIN GEDULDIG, ESQ.

15

16   Court Reporter:                Sheldon Silverman
17                                  225 Cadman Plaza East
                                    Brooklyn, New York 11201
18                                     (718) 330-7687

19

20

21   Proceedings recorded by mechanical stenography, transcript
22   produced by CAT

23           CHIEF JUDGE WEINSTEIN:  We'll hear from the government

24   first.

25           MR. MALONEY:  Your Honor, first I would like to know

              SS          CSR         CM

10485

1    what procedures we're following as far as closure. I

2    understand the jury is no longer sequestered. The matters

3    discussed here are of such a sensitive nature it could impact

4    on that issue.

5          CHIEF JUDGE WEINSTEIN: Are you moving to exclude the

6    public from the hearing?

7          MR. MALONEY: Yes, your Honor, sequestration of the

8    jury, of course.

9          CHIEF JUDGE WEINSTEIN: Sequestration of the jury is a

10   matter for Judge Costantino. It would be inappropriate at this

11   point to exclude the public. Do any of my colleagues

12   disagree?

13         (No response).

14         CHIEF JUDGE WEINSTEIN: Motion denied.

15         MR. MALONEY: The next question, your Honor, we just

16   submitted an affidavit to the Court which I've asked to be

17   sealed. Is your Honor unsealing that affidavit along with the

18   papers previously submitted?

19         CHIEF JUDGE WEINSTEIN: The papers are not unsealed.

20   We also have defendants' brief. Is that submitted under seal?

21         MR. HOFFMAN: Yes, it is, your Honor.

22         CHIEF JUDGE WEINSTEIN: The papers are not unsealed.

23   Whatever is a matter of public record already will remain a

24   matter of public record. Whether these papers will be sealed

25   is a matter of further determination.

SS         CSR         CM

10486

1    MR. MALONEY:  If your Honor please, it's rather

2  awkward to make oral argument.  Much of the material is sealed

3  before this Court.  I would ask your Honor since we have

4  submitted the material to your Honor that we previously

5  submitted to Judge Costantino if your Honor has a specific area

6  of inquiry you want us to respond to?

7    CHIEF JUDGE WEINSTEIN:  Do any of the counsel contest

8  the right of the Court to sit en banc?

9    MR. FISCHETTI:  Your Honor, most respectfully on

10  behalf of my client, Eugene Gotti, we received information last

11  night from Judge Costantino's chambers that we were to be here

12  at 1:00 o'clock today with papers, if we could submit them.  I

13  tell your Honor that --

14    JUDGE MC LAUGHLIN:  Hold your voices up.

15    MR. FISCHETTI:  Certainly, Judge McLaughlin.  I'll do

16  the best I can.

17    We endeavored to submit those papers which we have

18  submitted to the Court.  We worked through the evening.  I can

19  assure the Court no one in my office has been to bed as yet

20  from the time we received the notification from Judge

21  Costantino.

22    We requested of Judge Costantino's chambers at that

23  point to know the nature and the extent, the authority for the

24  en banc proceeding at this point and we were not provided with

25  that information, I'm sure for good reason, but whatever reason

SS        CSR        CM

10487

1    we were not provided for it.

2         During the evening we conducted as much research as

3    possible while, in effect, preparing a lengthy memorandum

4    which, in effect, we believe disputes what the government has

5    submitted in their memoranda.  The purpose of these remarks to

6    the Court is that since this is an extraordinary proceeding we

7    are willing to proceed in any manner the Court would like us to

8    proceed in this matter.

9         However, we do not and cannot at this stage waive any

10   objections we might have to this extraordinary proceeding.  We

11   have not physically had the time to determine how this

12   proceeding will go forward and what is the authority for the

13   proceedings, for the Court to enact this very extraordinary

14   session.

15        CHIEF JUDGE WEINSTEIN:  Thank you.  The bench would

16   like the grand jury minutes and any documents submitted to the

17   grand jury in connection with what the government has said, as

18   we understand it, is an inquiry with respect to possible

19   tampering with the jury.

20        MR. MALONEY:  Your Honor, that request is being

21   honored.  It's already being submitted or copied, if your Honor

22   please.

23        There is some material, however, which we refer to in

24   the recent affidavit just submitted to the Court that we

25   respectfully decline to submit for reasons set forth --

SS        CSR        CM

10488

1          CHIEF JUDGE WEINSTEIN:  Submit what you have.

2          What page of your affidavit indicates what you don't

3     want to submit?

4          JUDGE SIFTON:  Page 6.

5          JUDGE COSTANTINO:  Five and six, starts at the bottom

6     of page 5.

7          CHIEF JUDGE WEINSTEIN:  I don't seem to have the

8     affidavit.

9          JUDGE COSTANTINO:  Bottom of page 5 of Mr. Maloney's

10    affidavit.

11         CHIEF JUDGE WEINSTEIN:  Would you give me a copy,

12    please?

13         MR. MALONEY:  Starts the bottom of page 5.  I can read

14    those paragraphs.  I don't think they're of such a nature I

15    couldn't read them.

16         CHIEF JUDGE WEINSTEIN:  Please do.

17         MR. MALONEY:  Bottom of page 5 of the affidavit.

18         In response to Judge Weinstein's request, we are

19    providing the Court with copies of all grand jury transcripts

20    and investigative reports prepared in connection with the jury

21    tampering investigation.  These materials do not include

22    handwritten notes containing source information, which notes

23    are currently being safeguarded by the FBI.

24         Paragraph 14.  As stated in our papers, some of the

25    confidential information is so singular in nature that it

SS        CSR        CM

10489

1    cannot be disclosed without revealing or creating an undue risk

2    of revealing the identities of the confidential sources.

3         For the same reason, the government cannot reveal any

4    additional information regarding the background of the

5    informants themselves.  In this connection, I have conferred

6    this morning by telephone with the director of the FBI, William

7    S. Sessions.  Sessions has advised me that the FBI cannot

8    disclose this source information because to do so would

9    jeopardize the lives of government informants and cause

10   irreparable damage to a series of investigations, which, in the

11   judgment of the FBI, are of the highest priority.

12        CHIEF JUDGE WEINSTEIN:  All I want at the moment is to

13   know whether all information submitted to the grand jury has

14   been submitted to this Court.

15        MR. MALONEY:  Yes, your Honor.  If it hasn't, it will

16   be.  Copies are right here on the table, I understand.

17        CHIEF JUDGE WEINSTEIN:  Then you are complying with

18   the request of the Court to submit all grand jury information?

19        MR. MALONEY:  Yes, your Honor.

20        I understand your Honor's request to be more general

21   than that.

22        CHIEF JUDGE WEINSTEIN:  No, it's specific.

23        Where are the materials now?

24        MR. MALONEY:  We ask, of course, the Court accept this

25   in camera, keep them sealed.  This is an ongoing grand jury

SS          CSR          CM

10490

1    investigation.

2         CHIEF JUDGE WEINSTEIN:  I'll take ten copies, please.

3         Is each set marked "Confidential"?

4         MR. GLEESON:  Your Honor, I haven't had an opportunity

5    to mark each of them confidential.

6         CHIEF JUDGE WEINSTEIN:  The judges will do that.

7         Anything further the government wishes to add at this

8    time?

9         MR. MALONEY:  Other than the papers we've submitted,

10   no, your Honor.

11        CHIEF JUDGE WEINSTEIN:  The defendants wish to add

12   anything?

13        (No response.)

14        CHIEF JUDGE WEINSTEIN:  The key issue before the Court

15   in addition to the question of whether the government had the

16   right to prevent the grand jury information from being revealed

17   to the Court is, as I understand the contention of the

18   defendants, that the grand jury investigation and allegations

19   of the government are essentially not bona fide; that the

20   matter was revealed to the Court trying the case and that the

21   publicity was generated deliberately by the government in order

22   to prevent the jury from further deliberation in a fair and

23   proper way and to provide a basis for a mistrial which the

24   defendants oppose, thereby, as I understand your argument,

25   attempting to preclude the defendants from relying upon the

SS        CSR        CM

10491

1   double jeopardy defense should the action be sought to be

2   retried.

3           Is that essentially your position?

4           MR. FISCHETTI:  Your Honor, our position is laid out

5   in detail in our papers.  Your Honor has a sense of what our

6   position is.

7           CHIEF JUDGE WEINSTEIN:  Well, if it's different from

8   what I said, you better indicate what your position is

9   explicitly and tell us why we should not consider the issue of

10  whether the Government's bringing this to the attention of the

11  trial judge was in bad faith, designed to create the necessity

12  of a mistrial.

13          MR. FISCHETTI:  Your Honor, I will respond, but your

14  Honor realizes that the papers have been submitted under seal.

15  If your Honor will allow me to speak in a fashion where

16  information in our papers are not disclosed since they're under

17  seal, I will respond as best as I can.

18          First of all, your Honor, may I inform the Court that

19  I am speaking now with a voice for Gene Gotti.  There are other

20  defendants involved in this proceeding.  Their counsel may also

21  wish to be heard and add to my remarks or may not agree with my

22  remarks, but our position basically is, your Honor, that a voir

23  dire was conducted by Judge Costantino in camera based upon

24  information supplied to him by the government.  We were not

25  notified of that voir dire nor allowed to have any input into

SS        CSR        CM

10492

1   what that voir dire and the questions would be asked of those

2   jurors.

3         The voir dire stated, your Honor, unequivocally, and

4   this is on the public record, that each and every one of the

5   jurors stated unequivocally that they had not been compromised,

6   approached, contacted by any party in this case, neither the

7   defendants nor any of their associates or friends.

8         The Government's position then was that that voir dire

9   was not sufficient, although the questions that were asked were

10  asked by the government and were repeated by Judge Costantino

11  in my judgment in substance.

12        Subsequent to that, your Honor, a second voir dire

13  occurred.  This voir dire occurred in open court and when it

14  occurred in open court the jurors again were asked the same

15  questions as to whether or not they had been compromised,

16  approached or in any manner tampered with during the trial of

17  this action.  Again, each answer was no as to those

18  allegations.

19        The Government's position went further than that,

20  Judge, that the voir dire should not be accepted by the Judge.

21  We note, your Honor, in the Government's papers it is curiously

22  absent that the voir dire unequivocally stated that no juror

23  had been, in fact, approached or tampered with.

24        Following that, Judge, a hearing occurred.  We opposed

25  the hearing on the basis that the voir dire itself should have

SS          CSR          CM

10493

1    been sufficient.  The hearing, we submit, your Honor, and we

2    detail it in our papers, did not rise to any standard of a

3    presumption that this juror had been -- or any juror -- had in

4    fact been tampered with.

5            We detailed that in our papers.  Many of the matters

6    that are submitted in our papers are under seal.  I ask of the

7    Court since we submitted our papers at one o'clock, the bench

8    has not had an opportunity to review our papers, that the Court

9    review our papers to see what our argument is in that regard.

10           We are now left in a position because during the

11   second voir dire, at least three jurors have indicated

12   substantially that they cannot be fair jurors in this case.  I

13   won't detail their remarks.  Their remarks are in the record.

14   I'm sure the Court is familiar with them.

15           We're now left in a position where we have 11 jurors

16   in this case who can possibly continue to sit.

17           Our position is that the government has failed to

18   disclose to anyone, including Judge Costantino, any basis for

19   jury tampering which would necessitate the type of

20   extraordinary procedure that occurred in this case.  Your Honor

21   has an affidavit that you now have received under seal from

22   Mr. Maloney.

23           What I can say which was on the public record is that

24   during the time we conducted this hearing we had an in camera

25   proceeding when remarks were made by the United States Attorney

SS          CSR          CM

1  of this district that a juror had been compromised. We

2  requested, Judge, that even if we were not allowed because of

3  security reasons to learn the identity of that juror, any

4  information regarding that juror, that Judge Costantino should

5  at least be allowed to see a submission from the government, an

6  FBI 302, some report, extracting the name of the informant but

7  detailing at least what the allegations are. That did not

8  occur.

9        At the hearing, your Honor, that was conducted in open

10  court, the evidence that was submitted by the government, in

11  our judgment, was woefully inadequate and did not reach the

12  standard that the Court would reach in order to determine jury

13  tampering.

14        We have, as an example, which is on the public record,

15  an affidavit that was submitted by an FBI agent who testified

16  that he had no knowledge as to the contents of that affidavit

17  and whether the facts contained in that affidavit were, in

18  fact, true. We established that the agent who was in

19  possession of that information was in fact in the courthouse

20  that day. It seemed to us, your Honor, that we were at least

21  entitled to examine that FBI agent without disclosing the

22  source of his information, just determining what the

23  information was.

24        For all of those reasons and further reasons we've

25  expressed in our brief, your Honor, we suggested that these

10495

1    proceedings have forced us into a position where we now have

2    less than 12 jurors who can be fair.  In that type of

3    situation, your Honor, it seems to us that those jurors must be

4    excused.

5         However, your Honor, we are not -- and I must state

6    this as clearly as I can for the record -- moving for a

7    mistrial in this case.  Whether or not it is a determination

8    that this case ends on a basis of manifest necessity so that

9    jeopardy does not apply to a second retrial, if, in effect,

10   there is one, is an issue, we feel, to be decided by the judge

11   who is going to handle the retrial of this case the next time

12   around.  It is simply not an issue for this Court.

13        I point out one further thing, your Honor.  The record

14   itself in this trial speaks for itself.  Whether or not the

15   Government's positions is correct that the proof against these

16   defendants was, in fact, overwhelming, the record will reveal.

17        However, since the government chose to put in its

18   memorandum detailed facts of why there is proof of overwhelming

19   guilt against each of these defendants, we were forced in the

20   limited time available to us to make additions to that record

21   and to put in our papers exactly what occurred during the trial

22   which is a strong indication, we believe, your Honor, that the

23   Government's position is not as it states.

24        I call to the Court's attention that we are talking

25   about a trial that began with jury selection in April,

SS          CSR          CM

1    commenced in June and we are now here in the month of January.

2    The government has placed on the record the overwhelming

3    evidence of guilt of these defendants without any indication as

4    to what a defense would be in this case.  We have heard nothing

5    about that.  We have not had, if I may say, our turn at bat,

6    but just on what happened during this trial I think your Honor

7    will find -- the Court will find most respectfully -- that the

8    government's position that we have lost this proceeding and,

9    therefore, it was a reason for these defendants or some of them

10   or any of them to attempt to tamper with the jury is faulty in

11   and of itself.

12        Further than that, your Honor, I would rely on our

13   papers and I would ask the Court review those papers prior to

14   making any decision in this case.  If your Honor wishes further

15   argument in that regard, we would be happy to comply with

16   that.

17        With regard to the Government's new submission, this

18   affidavit, I have an argument, your Honor.  It's an argument,

19   quite frankly, that I cannot make on the basis of this

20   affidavit.  I think the fact that the government filed this

21   affidavit, what's contained in this affidavit has absolutely no

22   bearing in this case as to the determination as to whether or

23   not any person in this case, in this trial, attempted to tamper

24   with a juror.

25        Our position is, Judge, we have been placed in this

SS        CSR        CM

10497

1    position by the Government's activity and we are now nine

2    months into a trial and, quite frankly, Judge, and I say this

3    with as much candor as I possibly can.  I've been before each

4    judge here over the years that I've practiced as many of my

5    brethren have, we spent through 3:00 o'clock, 4:00 o'clock and

6    5:00 o'clock in the morning attempting to determine what

7    alternatives we could come up with to try to salvage this

8    prosecution.

9         No one, especially my client, who has been in this

10   courthouse for two years -- and this is his second trial, your

11   Honor -- wants this trial to abort, but I as his attorney on

12   the basis of the answers that we've received from jurors in

13   this case and what has happened by virtue of the United States

14   Attorney's action cannot see how we can go forward with a fair

15   and impartial jury in this particular case, sir.

16        CHIEF JUDGE WEINSTEIN:  Any other defense counsel wish

17   to be heard?

18        MR. HOFFMAN:  Yes, your Honor.

19        Very briefly Mr. Fischetti has -- I represent Angelo

20   Ruggiero.  Mr. Fischetti has basically stated our overall

21   position.  I want to supplement briefly, to keep in mind we

22   have papers we submitted and ask your Honors to read.

23        But to be specific in terms of supplementing it, it's

24   our position the voir dire which was originally done by Judge

25   Costantino which was requested by the government based on

SS        CSR        CM

10498

1   sealed papers that were submitted to him and which the defense

2   knew nothing about until after it occurred was, in fact, a voir

3   dire which the government expected based on their moving papers

4   for that voir dire to show that the jury had been in some way

5   tampered with.

6          When that jury answered in a manner not to show that,

7   that should have been the end of it.  At that point I believe

8   they were surprised.  At that point they came forth, asked for

9   a hearing which ordinarily is asked for to get the voir dire.

10  That hearing caused the resultant publicity and the resultant

11  problems.

12         A few days later, as the result of that hearing, when

13  the jury was voir dired again in open court, the jurors

14  answered in the way in which they did.  I just want to make it

15  very clear it's our position that the original hearing --

16  excuse me, the original voir dire is usually what you get if

17  you succeed at a hearing.  They succeeded in getting that

18  based on their application.  When they didn't like it they

19  asked for a hearing and the hearing caused the problems we now

20  have.

21         The additional point I would like to make to the Court

22  is that, again, because it's under seal without spelling it

23  out, the affidavit that was just submitted with a particular

24  exhibit and I just read briefly, I believe not only as

25  Mr. Fischetti says has no bearing on this matter, but may be --

SS        CSR        CM

10499

1   and I haven't had a chance to sit down with the rule, it irks

2   me, I want to alert your Honor to it -- may be an 11(e)

3   violation.

4          If you look at the exhibit because I don't think that

5   exhibit and the surrounding reasons for it belong in any kind

6   of proceeding as per 11(e).

7          Thank you, your Honor.

8          MR. BRAFFMAN:  Excuse me, your Honor, my name is

9   Benjamin Braffman.   I represent the defendant Mark Reiter.

10         Very briefly, sir, because the matter is under seal,

11  if I could respectfully request that your Honor refer to page 2

12  of the Government's most recent submission, just so the record

13  is accurate.

14         CHIEF JUDGE WEINSTEIN:  Which submission are you

15  referring to?

16         MR. BRAFFMAN:  The affidavit of Mr. Maloney submitted

17  just a moment ago, page 2, your Honor, with respect to the

18  defendant Mark Reiter.  That simply is inaccurate.  I want the

19  record to reflect that, that Mr. Reiter was never part of any

20  11(e) proceeding nor was his counsel ever in negotiation with

21  the government as alleged in the affidavit.

22         I agree with Mr. Fischetti and Mr. Hoffman that that

23  affidavit and that exhibit annexed thereto has really no

24  bearing on this proceeding.  What I would like to say, sir,

25  most respectfully, to this entire court is that your Honors

SS        CSR        CM

10500

1   please keep in the forefront of your mind as you review this

2   matter, that there are, indeed, individuals on trial here, and

3   not even the government has alleged that each of the defendants

4   has participated in any misconduct.

5          With respect to the defendant Mark Reiter, your Honor,

6   I would just simply point out when this trial began many, many

7   months ago and continuously thereafter, Mr. Reiter had a

8   serious double jeopardy issue which wound its way up in the

9   Second Circuit, back down and we went to trial, but the fact

10  remains Mr. Reiter was acquitted in the Southern District for a

11  conspiracy that dated the same conspiracy charged in this

12  indictment.

13         Accordingly, before this trial started, on behalf of

14  Mr. Reiter, moved for a severance on his behalf claiming that

15  the case against Mr. Reiter and I think the government agreed,

16  could be tried separately in one week.

17         CHIEF JUDGE WEINSTEIN:  We're not really interested in

18  that.

19         JUDGE COSTANTINO:  That argument was made before me

20  many times, need not be made here.  That's not what we're here

21  for.

22         MR. BRAFFMAN:  I ask the Court on the issue before the

23  Court to consider, most respectfully, the concern we have if

24  the government is not willing to disclose the underlying

25  information even to this Court, then the dangerous precedent

SS          CSR          CM

10501

1   that would set if the government in this or any other

2   jurisdiction that looks to this decision were to decide that a

3   trial should be aborted.  It is very easy for a confidential

4   source to whisper something to a government agent.  As long as

5   that information is never put to a test we have no way of

6   knowing whether the information is reliable or made in good

7   faith.

8          Thank you.

9          MR. HOFFMAN:  If I may, I'm sorry, one point I left

10  out.  It's this.  Your Honor asked our concern, our position

11  vis-a-vis a finding made by this Court.  As you'll see in our

12  papers, but I want to direct you to it, my feeling is that

13  before any finding should be made in terms of the basis for

14  these jurors -- perhaps losing the jury, perhaps having a

15  mistrial, that a hearing is appropriate on that issue and that

16  at such a hearing members of the government might be called as

17  witnesses and that there's case law for the Court to consider

18  that jurors themselves might well be questioned.

19         Toward that end I would ask your Honors to keep in

20  mind that we may be making an application according to what the

21  Court ultimately determines to be allowed to question jurors

22  under Court supervision.  That's a very, very important

23  aspect.

24         CHIEF JUDGE WEINSTEIN:  Thank you.  Any other defense

25  counsel?

SS          CSR          CM

10502

1          MR. FISCHETTI:  One final word, your Honor.   I'm

2    sorry, it's an extraordinary proceeding.   I'm speaking to our

3    defense counsel as I rise, but your Honor, it seems to me, it

4    seems to us, that the only question before this bench is

5    whether or not this trial can go forward, not the reason, not

6    the good faith or bad faith of the government in this

7    particular instance because we feel, sir, that once that

8    decision is made that the trial cannot go forward, if that is

9    the decision, then we have certain rights and certain rights to

10   a hearing before the next judge or any judge to make a

11   determination on how it was caused.   As Mr. Hoffman said, we

12   would be able to call witnesses.

13          We suggest to this tribunal the question before this

14   Court is whether or not the trial can go forward in its present

15   form.   Other than that, we feel that we have certain rights

16   that must be preserved.

17          CHIEF JUDGE WEINSTEIN:  Thank you.

18          Does the government wish to respond?

19          MR. MALONEY:  Yes, very briefly, your Honor.

20          Your Honor, we had a duty to bring this motion.   Had

21   we not brought it, had there been a conviction, we would have

22   been attacked for not bringing this information to the Court.

23          As to the good faith of bringing their case, bringing

24   this motion, I think our memorandum submitted would answer

25   that, certainly the affidavit which is under seal just

                SS          CSR          CM

10503

1  submitted to the Court bespeaks of that.

2       Finally, a senior federal trial judge who sat through

3  8 months of this case, I think, can pass on the weight of the

4  Government's evidence in this case.

5       As for the publicity engendered by this hearing, from

6  the very beginning the government pressed for sequestration.

7  The defendants vigourously opposed it.  Not only opposed it but

8  had public television press conference in front of this

9  courthouse and on radio.  Now, because of that, probably, we

10  have some jurors who can no longer sit.

11       I have nothing further to add, your Honor.

12       THE COURT:  The Court is adjourned.  Make sure we have

13  sufficient copies of that record, please.  The clerk will

14  collect the copies and bring them.

15       (Whereupon this matter was concluded for this date.)

16

17

18

19

20

21

22

23

24

25

SS          CSR          CM